IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CR-79-FL

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER OF DETENTION PENDING** |
| | ) **TRIAL** |
| ISMIL GRAY JEFFERS, | ) |
| | ) |
| Defendant. | ) |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a lieutenant with the Henderson Police Department. Defendant presented no evidence. The court also reviewed the pretrial services report.[1] After careful consideration pursuant to 18 U.S.C. § 3142(g) of the evidence and argument presented, and based on the findings and reasons stated in open court and below, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

---

[1] The court notes that it disregarded the section entitled "Adjustment to Supervision" appearing on page 6 of the pretrial services report because the report otherwise indicates that defendant was not given probation with respect to his conviction for common law robbery. In addition, his discharge date with respect to his 16 October 2013 conviction for possession with intent to manufacture, sell, or deliver heroin was 13 July 2015; he was paroled on 16 October 2014. The errors in the report did not materially affect the court's analysis.

## Background

Defendant was charged in a one-count indictment on 22 March 2016 with possession of a firearm by a felon on 19 October 2015 in violation of 18 U.S.C. §§922(g)(1) and 924. The evidence presented at the hearing showed that the charges arise from the stop of a car in which defendant was travelling as a passenger at a license checkpoint. An officer conducted an initial review of the occupants' identification documents and, in order to conduct further investigation, directed the car to pull over. Instead, it fled the scene. When pursuing officers caught up to it, over the crest of a hill, defendant was outside the car and threw an object into a field adjoining the road. Defendant then fled on foot. Police found a loaded 9 mm. pistol in the area where the object defendant threw landed. The pistol had been manufactured outside North Carolina. Defendant had previously been convicted of at least two offenses punishable by imprisonment for a period exceeding 12 months.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including the loaded status of the pistol, defendant's flight from law enforcement, and the potential sentence defendant faces if convicted; defendant's extensive criminal record for a person of his age (22), including 4 felony convictions (including one for common law robbery), 5 misdemeanor convictions, probation revocations in multiple cases, commission of numerous offenses while on pretrial release or probation, and the pendency of numerous charges against defendant; the danger of continued gun-related offense conduct by

defendant if released; defendant's apparent substance abuse problem; the absence of a proposed third-party custodial arrangement; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating. It finds, however, that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This 5th day of April 2016.

_____
James E. Gates
United States Magistrate Judge