IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 5:16-CR-79-FL-1
No. 5:18-CV-226-FL

| | | |
|---|---|---|
| ISMIL RASHEED JEFFERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 70). The matter also is before the court on respondent's motion to dismiss (DE 78), which has been fully briefed. For the reasons that follow, the court denies petitioner's motion to vacate and grants respondent's motion to dismiss.

**BACKGROUND**

On November 15, 2016, pursuant to a written plea agreement, petitioner pleaded guilty to two s of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) (counts one and three). As part of his plea agreement, petitioner agreed to waive the right to challenge his conviction or sentence on collateral review with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct not known at the time of petitioner's guilty plea. (Plea Agreement (DE 41) ¶ 2(c)).

On March 24, 2017, the court sentenced petitioner to the statutory maximum of 120 months' imprisonment on count one and 20 months' imprisonment on count three, to be served consecutively. The court found petitioner qualified for an enhanced sentence pursuant to

§§ 2K2.1(a)(2) and 2K2.1(b)(1)(A) of the United States Sentencing Guidelines. Section 2K2.1(a)(2) provides for an enhanced base offense level for unlawful possession of a firearm where the defendant committed the offense subsequent to sustaining at least two felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 2K2.1(a)(2) (2015). Petitioner qualified for this enhancement based on his prior North Carolina convictions for common law robbery and possession with intent to sell and deliver heroin. United States v. Jeffers, 711 F. App'x 160, 161 (4th Cir. 2018). Section 2K2.1(b)(1)(A) provides for an enhanced base offense level where the underlying offense involved possession of thee to seven firearms. U.S.S.G. § 2K2.1(b)(1)(A) (2015). Petitioner's convictions and sentence were affirmed on direct appeal. Jeffers, 711 F. App'x at 161-62.

On May 21, 2018, petitioner, proceeding pro se, filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, alleging the following grounds for relief: 1) his predicate convictions do not qualify as crimes of violence or controlled substance offenses for purposes of the § 2K2.1(a)(2) enhancement and that § 2K2.1(a)(2) violates the Due Process Clause of the United States Constitution; 2) counsel was ineffective for allowing petitioner's sentence to be enhanced pursuant to § 2K2.1(a)(2) where he did not have the requisite qualifying predicate convictions, and by misadvising petitioner about his potential sentence, and 3) that his sentence was improperly enhanced pursuant to 18 U.S.C. § 924(c). On June 27, 2018, respondent filed its motion to dismiss petitioner's § 2255 motion, arguing the petition fails to state a claim on which relief can be granted.

**COURT'S DISCUSSION**

A.   Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was

imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.      Analysis

The court begins with petitioner's third claim for relief, that his sentence was improperly enhanced pursuant to 18 U.S.C. § 924(c). Petitioner was not convicted of a § 924(c) offense, and therefore his sentence was not enhanced pursuant to that provision. (See Judgment (DE 53)). Accordingly, petitioner's third claim for relief is without merit.

Petitioner's remaining claims for relief allege, in varying forms, that he does not have the requisite qualifying predicate convictions to support a sentencing enhancement under § 2K2.1(a)(2). Petitioner pursued this claim on direct appeal, and the Fourth Circuit held this court did not err in enhancing petitioner's sentence pursuant to § 2K2.1(a)(2). As the Fourth Circuit explained,

> we conclude that the district court did not err in applying USSG § 2K2.1(a)(2). Under either the 2015 or 2016 version of the Sentencing Guidelines, Jeffers' prior North Carolina conviction for common law robbery qualifies as a crime of violence. See United States v. Gattis, 877 F.3d 150, 158 (4th Cir. 2017) (holding that North Carolina common law robbery matches generic contemporary meaning of robbery); United States v. Williams, 697 Fed. Appx. 209, 210–11 (concluding that North Carolina common law robbery is a crime of violence under the 2015 Sentencing Guidelines). As to Jeffers' North Carolina conviction for possession with intent to manufacture, sell, or deliver heroin, the Guidelines define a controlled substance offense as any "offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits ... the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b). North Carolina law provides that it is unlawful for any person to "possess with intent to manufacture, sell or deliver, a controlled substance." N.C. Gen. Stat.

3

> § 90-95(a)(1) (2015). Heroin, the drug involved in the predicate offense at issue, is classified as a Schedule I narcotic. N.C. Gen. Stat. § 90-89(2)(j) (2015). Possession with intent to distribute a Schedule I narcotic constitutes a Class H felony, N.C. Gen. Stat. § 90-95(a), (b)(1) (2015), which is punishable by up to 14 months' imprisonment. N.C. Gen. Stat. § 15A-1340.17(c), (d) (2015). Thus, Jeffers' conviction fits comfortably within the definition of a controlled substance offense.

Jeffers, 711 F. App'x at 161.

Petitioner's first claim for relief that his sentence was improperly enhanced under § 2K2.1(a)(2) because the court relied on invalid predicate convictions therefore lacks merit.[1]

Petitioner's second claim for relief alleges ineffective assistance of counsel. Analysis of an ineffective assistance of counsel claim requires application of the two-part test established by Strickland v. Washington, 466 U.S. 668, 690-94 (1984). First, the petitioner must show that his counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. Second, the petitioner must show that there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. Id. at 694.

Petitioner first alleges counsel was ineffective because he allowed petitioner's sentence to be enhanced pursuant to § 2K2.1(a)(2). As set forth above, petitioner's sentence was properly enhanced under § 2K2.1(a)(2), and thus petitioner's counsel could not have been ineffective for "allowing" the enhancement. See id. at 687 (first prong of Strickland test requires showing that counsel "made errors").

Petitioner also alleges counsel "misadvised" him about his potential sentence. But petitioner

---

[1] To the extent petitioner alleges that § 2K2.1(a) violates the Due Process Clause, the claim similarly lacks merit. Petitioner appears to be challenging § 2K2.1's definition of crime of violence (defined by cross reference to § 4B1.2(a)) pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson held the residual clause of 18 U.S.C. § 924(e) is unconstitutionally vague and thus violates due process. 135 S. Ct. at 2557. Petitioner, however, cannot challenge an advisory Guidelines sentence pursuant to the principles set forth in Johnson. Beckles v. United States, 137 S. Ct. 886, 894 (2017).

4

fails to identify the precise advice counsel provided about the sentence, or explain how such advice was deficient. Unsupported, conclusory allegations of ineffective assistance of counsel do not entitle petitioner to habeas relief. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrogation on other grounds recogn'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). To the extent petitioner is alleging that he would not have pleaded guilty had counsel correctly advised him of his potential sentence, the claim lacks merit. To succeed on a claim of ineffective assistance of counsel implicating the voluntariness of a guilty plea, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner has not made this showing.

Additionally, the plea agreement, signed by petitioner, contains the following provision: "that the sentence has not yet been determined by the Court, that any estimate of the sentence [petitioner] received from any source is not a promise, and that even if a sentence up to the statutory maximum is imposed, the [petitioner] may not withdraw the plea of guilty." (Plea Agreement (DE 41) ¶ 3(b)). At his arraignment, petitioner swore under oath in open court that he understood the maximum statutory penalties that he faced, understood all terms of the plea agreement, and confirmed that he still wanted to plead guilty. (Arraignment Tr. (DE 65) at 21:22-22:7, 22:12-23:14). Counsel's alleged erroneous advice about the potential sentence does not constitute ineffective assistance where petitioner was properly advised of the statutory maximum sentence and swore under oath that he understood counsel's estimate was not a promise that he would receive such sentence. See United States. v. Lambey, 974 F.2d 1389, 1393-96 (4th Cir. 1992) (en banc) (holding defendant could not establish ineffective assistance of counsel based on erroneous estimate of sentence where defendant was properly advised of maximum potential sentence at arraignment

and affirmatively represented he understood sentencing estimate provided by counsel was not binding on the court); United States v. Shivar, No. 94-7104, 1995 WL 551360, at *1 (4th Cir. Sept. 18, 1995) (holding petitioner could not establish ineffective assistance of counsel based on erroneous estimate of sentence where petitioner confirmed in plea agreement he understood counsel's sentencing estimate was not a promise and affirmed at arraignment he understood the maximum potential sentence).

Petitioner raises additional claims in his response to respondent's motion to dismiss. Petitioner first argues he is factually innocent of count one because his brother admitted he possessed the firearm. Petitioner, however, pleaded guilty to count one, and he has accordingly admitted that he unlawfully possessed the firearm as charged in count one. See McCarthy v. United States, 394 U.S. 459, 466 (1969) ("[A] guilty plea is an admission of all the elements of a formal criminal charge . . . .").[2]

Petitioner also alleges his sentencing enhancement under § 2K2.1(b)(1)(A) (2015) was improper because he was not convicted of possessing three to seven firearms in this case. Under the Guidelines, the sentencing court has discretion to enhance a sentence based on relevant conduct even where such conduct did not result in a conviction, provided the sentence does not exceed the statutory maximum. See United States v. Watts, 519 U.S. 148, 151-53 (1997) (per curiam). Moreover, challenges to calculation of an advisory Guidelines range typically are not cognizable on collateral review. See United States v. Foote, 784 F.3d 931, 932 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999). Accordingly, this claim also is without merit.

---

[2]Petitioner does not argue that his guilty plea to count one was not knowing and voluntary.

C.      Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 70) and GRANTS respondent's motion to dismiss (DE 78). A certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 3rd day of January, 2019.

                                                    LOUISE W. FLANAGAN  
                                                  United States District Judge